UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KIM N. HUYNH                                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:06cv1061-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                           DEFENDANT

## **ORDER**

There are numerous motions *in limine* filed by defendant State Farm Fire and Casualty Company (State Farm) currently pending. These motions cover familiar ground addressed by this Court in other cases. They include: bifurcation or phasing of trial proceedings [143]; references to a request for a change of venue [150], to punitive damages [146], and to Mississippi Department of Insurance (MDI) bulletins issued after Hurricane Katrina [148]; testimony related to interpretation of Mississippi insurance law and the interpretation of insurance policies [147]; governmental or grand jury investigations of the insurance industry's response to the hurricane [149]; and the exclusion of evidence by Plaintiffs that may contradict a "judicial admission" that hurricane damage was caused by storm damage flooding, at least to the amount of flood insurance benefits received [156]. Additional motions [151] [154] [155] deal with some form of anticipated testimony from former or current State Farm personnel who were not directly involved in the handling of Plaintiff's claim and/or that may touch upon other insurance claims.

Consistent with the Court's prior rulings, the MDI bulletins and related correspondence are not admissible unless State Farm responded to them in one manner and acted in another, or unless State Farm raises reliance on the MDI bulletins for other purposes. As for bifurcation of trial proceedings, the trial will be conducted in a manner consistent with Mississippi law, Miss. Code Ann. § 11-1-65, but Plaintiff is not precluded from mentioning preliminarily in *voir dire* the prospect of punitive damages. Of course, any offer and admission of evidence will be governed by this order, any order issued on other pending motions, and the rulings of the Court at trial.

The Court agrees that independent expert testimony concerning the interpretation of policy provisions or Mississippi law is not appropriate. These issues of law are within the province of the Court, not the jury.

Plaintiff shall not mention a change of venue motion, unless the topic is raised in any manner by State Farm. Further, Plaintiff may not make any reference to any governmental or grand jury investigation of the insurance industry's hurricane response, or to any purported "out-of-state conduct" involving State Farm.

As for the acceptance of flood insurance benefits by Plaintiff, this underlying fact and the

amount will be presented to the jury, with its relevance and ultimate treatment to be determined by the Court and, if necessary, the trier of fact. However, all parties should be mindful of the Court's position that receipt of payment under a flood insurance policy usually establishes that at least that amount of flood damage occurred, and that this amount is factored into any ultimate recovery. In short, any party may offer relevant admissible evidence of the circumstances surrounding the payment under the flood policy.

Finally, the trial of this case will be limited to the facts surrounding the Plaintiff's particular claim. Plaintiff may have explored in discovery other claims related to different properties and claimants, and may have access to testimony in other cases. State Farm even suggests that affidavits may be offered on the issue of fraud regarding engineering reports. In addition to the fact that an affidavit is not subject to cross-examination, it appears that the affiants and other witnesses had no personal involvement in Plaintiff's claim. State Farm also objects to the introduction or reference to the deposition testimony of one of its team managers, Lecky King, who on the advice of her own counsel invoked her Fifth Amendment privilege against self-incrimination (except to state her name). Ms. King is one of the employees who had no personal involvement in the handling of Plaintiff's insurance claim.

The Court finds that the use of the affidavits, reference to Ms. King's deposition testimony, and testimony from other causes of action pose the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time. Fed. R. Evid. 403. This does not prohibit Plaintiff from delving into the procedure utilized in handling this claim, and the Plaintiff will be allowed to introduce appropriate admissible evidence concerning the manner in which this claim was handled by State Farm, whether that relates to the policy provisions or the procedures used in applying them, as well as what was done and not done in the claim adjustment and decision process. For example, State Farm indicates that no engineering report was issued on Plaintiff's claim, and the significance of making a claims decision without obtaining such a report is ripe for exploration, so long as it is limited to Plaintiff's specific loss.

Accordingly, **IT IS ORDERED**:

State Farm's motions *in limine* [143] [146] [147] [148] [149] [150] [151] [152] [154] [155] [156] are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments and those which follow. Plaintiff may not mention or introduce evidence of motions for change of venue filed by State Farm in this or any other cause of action; may not refer to or introduce evidence regarding any grand jury or government investigation involving State Farm or the insurance industry's response to Hurricane Katrina; and may not introduce evidence or refer to State Farm's so-called out-of-state conduct. Expert testimony concerning the proper interpretation of policy provisions and Mississippi law will be excluded; MDI bulletins and related correspondence will be excluded unless State Farm acted inconsistently with respect to its response thereto or unless State Farm raises reliance on the bulletins or other matters associated with the MDI. Plaintiff will be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court. The underlying coverage/contractual claim and the entitlement to punitive/extra-contractual damages will be determined in a

bifurcated proceeding, with counsel being allowed to make statements at the beginning of each phase.  Plaintiff may not use the affidavits of Cori and Kerri Rigsby, nor use or refer to the record (whether trial or discovery) in other Hurricane Katrina insurance cases, but may call witnesses as relates to Plaintiff's specific claim for insurance policy benefits.

**SO ORDERED** this the 7th day of January, 2008.

s/ L. T. Senter, Jr.<br>
L. T. SENTER, JR.<br>
SENIOR JUDGE